UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

FRANK LOPEZ, as Personal Representative
of the Estate of Giraldo Lopez; and
MAGALY NUNEZ-DELGADO, individually
and as assignee of Michelle Soto,

    Plaintiffs,

v.

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

## **DEFENDANT ALLSTATE FIRE AND CASAUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL**

Defendant, Allstate Fire and Casualty Insurance Company (hereinafter "Allstate"), gives notice of the removal to this Court of the case styled <u>Frank Lopez, as Personal Representative of the Estate of Giraldo Lopez; and Magaly Nunez-Delgado, individually and as assignee of Michelle Soto v. Allstate Fire and Casualty Insurance Company</u>, Case No. 2014-2808-CA, filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. As grounds for this removal, Allstate states the following:

    1.    Plaintiffs Frank Lopez, as Personal Representative of the Estate of Giraldo Lopez; and Magaly Nunez-Delgado, individually and as assignee of Michelle Soto,

initiated the above styled action in the Circuit Court for the Eleventh Judicial Circuit of Florida. See *Exhibit 1, Complaint dated January 31, 2014, filed January 31, 2014.*

2. An Amended Final Consent Judgment was entered in the underlying lawsuit against Michelle Soto in favor of Plaintiff, Frank Lopez, as personal representative of the Estate of Giraldo Lopez, in the amount One Million One Hundred Fifty Thousand Dollars ($1,150,000), and in favor of Plaintiff Magaly Nunez-Delgado in the amount of Three Hundred Fifty Thousand Dollars ($350,000). *See Exhibit 2, Amended Final Consent Judgment.* Plaintiffs seek to recover this amount from Allstate based upon allegations of bad faith. *See Exhibit 1 at ¶¶ 48, 55-70, and p. 13, Prayer for Relief.*

3. Allstate was served with complaint on February 11, 2014. *Exhibit 3, Notice of Service of Process*; *Exhibit 4, Summons*; Fla. Stat. § 624.423.

4. The instant action is one in which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to the Court by the Defendant pursuant to 28 U.S.C. §§1441 and 1446 in that:

    a. This is an action between citizens of different states;

    b. This is a civil action in which the amount in controversy exceeds the jurisdictional amount of $75,000, exclusive of interest and costs.

5. Plaintiffs are citizens of Florida. Upon information and belief, Plaintiffs reside in Miami-Dade County. <u>See</u> *Exhibit 1 at ¶¶ 5-8.*

6. Allstate is a citizen of the State of Illinois, and a corporation organized and existing pursuant to the law of Illinois. *Exhibit 5, 2013 Foreign Profit Corporation Annual Report of Allstate Fire and Casualty Insurance Company*; see also *Exhibit 1 at ¶ 4*.

7. Allstate's principal place of business is in Northbrook, Cook County, Illinois. *Exhibit 5*.

8. Accordingly, for the purpose of determining whether diversity jurisdiction exists, Allstate is a citizen of the State of Illinois. 28 U.S.C. § 1332(c) (a corporation is a citizen of any state in which it is incorporated and of the state where its principal place of business is located).

9. The amount in controversy is in excess of $75,000.00, exclusive of costs and interest as Plaintiffs seek in their Complaint "judgment against Allstate Fire and Casualty Insurance Company for damages including the cost of the judgment in the Underlying Suit," which Plaintiffs allege amounts to "$1,150,000 for the wrongful death of Mr. Lopez and $350,000 for personal injuries suffered by Mrs. Nunez-Delgado." *Exhibit 1 at ¶ 48 and p. 13, Prayer for Relief.*

10. Accordingly, this case is removable pursuant to 28 U.S.C. § 1441.

11. Venue is proper in this Court because the case is being removed from the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida. 28 U.S.C. §§ 1441(a) and 1446(a).

12. This Notice of Removal is timely filed within 30 days of service on Allstate which occurred on February 11, 2014. Fed. R. Civ. P. 6(a)(1).

13. Allstate will file with the Clerk of Court for the Circuit Court in and for Miami-Dade County, Florida a Notice of Filing Notice of Removal pursuant to 28 U.S.C. § 1446(d). A copy of that Notice is attached hereto as Exhibit 6.

14. Copies of all process, pleadings, order and other papers or exhibits served upon Allstate in the state court case or on file with the state court are attached hereto as Exhibit 7, unless previously attached to this Notice as another exhibit. 28 U.S.C. §1446(a).

WHEREFORE, Defendant Allstate Fire and Casualty Insurance Company removes this action from the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to this Honorable Court and respectfully requests that this Court assume jurisdiction of this action pursuant to 28 U.S.C. §§ 1332 and 1441.

s/Jane Anderson
JANE ANDERSON, ESQ.
Florida Bar No.: 45942
Email: janderson@boyd-jenerette.com
KELLY DOWNER, ESQ.
Florida Bar No.: 68642
Email: kdowner@boyd-jenerette.com
BOYD & JENERETTE, P.A.
201 N. Hogan St., Suite 400
Jacksonville, FL 32202
Tel:   (904) 353-6241
Fax:   (904) 493-5657
Counsel for Defendant Allstate Fire and Casualty Insurance Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail on this 21st day of February, 2014 on all counsel or parties of record on the Service List below.

By: s/Jane Anderson
Jane Anderson

### Service List

W. Allen Bonner, Esq.
Meghan C. Moore, Esq.
Ver Ploeg & Lumpkin, P.A.
Attorneys for Plaintiff
100 SE Second Street, 30th Floor
Miami, FL  33131
Telephone: (305) 577-3996
Facsimile: (305) 577-3558