UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-20654-Civ-COOKE/TORRES

FRANK LOPEZ, as personal
representative of the Estate of
Giraldo Lopez, and MAGALY
NUNEZ-DELGADO, individually
and as assignee of Michelle Soto,

    Plaintiffs,

v.

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER ON PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT**

    Plaintiffs bring this third-party insurance bad faith action against Defendant Allstate Fire and Casualty Insurance Company ("Allstate") for its allegedly unreasonable failure to settle claims made against Allstate's insured, Michelle Soto, resulting in an excess judgment against its insured. Before me now is Plaintiffs' Motion for Partial Summary Judgment (ECF No. 53) and Statement of Undisputed Facts in Support Thereof (ECF No. 54), Defendant's Response in Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF No. 63) and Response to Plaintiffs' Undisputed Facts in Support of Their Motion for Partial Summary Judgment (ECF No. 64), Plaintiffs' Reply in Support of Plaintiffs' Motion for Partial Summary Judgment (ECF No. 65), and Plaintiffs' Reply in Support of Plaintiffs' Undisputed Facts in Support of Their Motion for Partial Summary Judgment (ECF No. 66). I have reviewed the Motion, response, reply, the record, and the relevant legal authorities. For the reasons that follow, Plaintiffs' Motion is granted in part and denied in part.

1

## I. UNDISPUTED MATERIAL FACTS

Unless otherwise noted, there are no genuine disputes as to the following material facts. Allstate issued automobile policy number 9 71 397052 07/28 to Michelle Soto ("Ms. Soto") for the policy period July 28, 2011 to January 28, 2012 (the "Policy"). The Policy provides bodily injury ("BI") liability coverage in the amount of $25,000 per person and $50,000 per accident. The Policy also provides personal injury protection ("PIP") coverage in the amount of $10,000 per person, with an additional death benefit of $5,000.

On September 6, 2011, Ms. Soto lost control of her vehicle and crashed into a bus stop bench where Giraldo Lopez ("Mr. Lopez") and his wife, Magaly Nunez Delgado ("Mrs. Nunez Delgado") were waiting. Ms. Soto's vehicle hit Giraldo Lopez, killing him at the scene. Mrs. Nunez Delgado witnessed the accident from only a few feet away. Frank Lopez, Mr. Lopez's son, retained Joe Kalbac, Esq. on or about September 7, 2011 to assist the family with their claims against Ms. Soto.

On September 9, 2011, Mr. Kalbac spoke with an Allstate adjuster. There is a dispute as to whether Mr. Kalbac, during that conversation, specifically demanded $65,000 in Policy limits, or whether there was just a discussion of Policy limits being demanded, with Mr. Kalbac and Allstate assigning different meanings to the term, "Policy limits." (ECF No. 54, ¶ 5; ECF No. 64, ¶ 5).

Ultimately, after Allstate failed to tender the $65,000 allegedly demanded by the Lopez family, Frank Lopez, on behalf of his father's estate, and Mrs. Nunez-Delgado filed a lawsuit against Ms. Soto, seeking damages for the wrongful death of Mr. Lopez and for severe personal injuries and emotional distress suffered by Ms. Nunez-Delgado. Plaintiffs contend that on October 24, 2011, Mr. Frank Lopez, as personal representative of his father's estate and attorney-in-fact for his mother, ended settlement discussions for Policy limits.

After nearly two years of litigation, an Amended Consent Final Judgment was entered in favor of Frank Lopez, as Personal Representative of the Estate and against Ms. Soto in the amount of $1,150,000, and in favor of Mrs. Nunez Delgado and against Ms. Soto for $350,000. Allstate tendered $10,000 in PIP benefits to Mrs. Nunez Delgado on October 29, 2013, $25,000 to Frank Lopez as the Personal

Representative of the Estate of Giraldo Lopez on October 15, 2013, $25,000 to Mrs. Nunez Delgado on October 15, 2013, and $5,000 in death benefit for the death of Mr. Lopez on September 9, 2011, totaling $65,000 in Policy benefits.[1]

## II.   LEGAL STANDARDS

Summary judgment is proper if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant has the burden of demonstrating through depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials, the absence of any genuine material, factual dispute. *Id.*

An issue of fact is "material" if it is a legal element of the claim under applicable substantive law which might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). An issue is "genuine" when the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.*

In order for a movant to be entitled to summary judgment, he bears the initial burden of establishing the nonexistence of a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). On summary judgment, it is not the function of the Court to resolve conflicting views of the evidence. When viewing the evidence on a motion for summary judgment, the Court is required to draw all reasonable inferences in favor of the non-moving party. *Id.*

## III.   DISCUSSION[2]

Plaintiffs move for summary judgment as to numerous of Defendant's Affirmative Defenses. I will consider Plaintiffs' arguments in turn.

### A.   Affirmative Defenses Four Through Ten and Twelve

Plaintiffs argue that they are entitled to summary judgment as to Defendant's Fourth through Tenth and Twelfth Affirmative Defenses because Allstate cannot

---

[1] Allstate had previously tendered the $25,000 per person bodily injury liability benefits, but the tenders were rejected because, *inter alia*, the $10,000 PIP benefit was not included.

[2] Because this is a diversity action arising out of an incident occurring in Florida, Florida substantive law applies. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

assert breach of contract conditions by the Lopez family, who are not contracting parties, nor can Allstate assert coverage defenses it waived when it confessed coverage by paying policy limits.

For its Fourth through Tenth and Twelfth Affirmative Defenses, Allstate asserts that Plaintiffs' claims are barred because they, or their attorney, failed to comply with various provisions of the Policy. Plaintiffs argue that they cannot be bound by the Policy because they were not parties to the insurance contract. Alternatively, Plaintiffs argue that Allstate's admitted coverage and conceded that the policy conditions have been fulfilled to Allstate's satisfaction when it defended Ms. Soto without a reservation of rights and indemnified her by paying the $65,000 Policy limits. I agree with Plaintiffs that, even if Plaintiffs were bound by the Policy terms (either through the assignment they obtained from Ms. Soto as a condition of settlement, or because the language of the Policy itself renders them third party beneficiaries or omnibus insureds), Allstate has waived any policy-based defense to coverage by paying out the full benefits under the Policy following the entry of the Amended Consent Judgment in the underlying tort case. *See Royal Surplus Ins. Co. v. Coachman Industries, Inc.*, 184 Fed. Appx. 894, 900 (11th Cir. 2006) (finding that insurer waived its right to assert coverage defenses when it voluntarily paid the settlement funds without first reserving its right to deny coverage); *Saewitz v. Lexington Ins. Co.*, 133 Fed. Appx. 695, 699 (11th Cir. 2005) (same).

In response to Plaintiffs' arguments, Allstate states that Affirmative Defenses Four through Ten and Twelve are not intended to avoid coverage for the underlying claims, but rather to add factors for consideration in the totality of circumstances that the jury will consider in this bad faith action. If that's the case, then Allstate's Affirmative Defenses Four through Ten and Twelve are not true affirmative defenses. *See In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's *prima facie* case is not an affirmative defense."). Allstate concedes as much and asks this Court to deny Plaintiffs' Motion for Summary Judgment as to Affirmative Defenses Four through Ten and Twelve, and simply treat those affirmative defenses as denials. I see no reason, however, not to enter summary judgment on these denials that have been

4

improperly asserted as "affirmative defenses." *See Tingley Systems, Inc. v. HealthLink, Inc.*, 509 F. Supp. 2d 1209, 1220 (M.D. Fla. 2007) (granting summary judgment to plaintiff on affirmative defenses that were actually denials); *Thornton v. J Jargon Co.*, 580 F. Supp. 2d 1261, 1286-87 (M.D. Fla. 2008) (same).[3]

### B.   Affirmative Defense Eleven

Plaintiffs argue that they are entitled to summary judgment as to Defendant's Eleventh Affirmative Defense because Florida law does not recognize "set up" or "comparative bad faith" defenses to a bad faith failure to settle claim.

Defendant's Eleventh Affirmative Defense states:

> There was no realistic possibility of settlement within the policy limits pursuant to *DeLaune v. Liberty Mutual Ins. Co.*, 314 So. 2d 601 (Fla. 4th DCA 1975), because of Plaintiffs' attorney, Joseph Kalbac's deliberate scheme to try and manufacture a reason to reject Allstate's good faith offer to settle Plaintiffs' claims as evidenced by his intentionally withholding pertinent information that was requested by Allstate, by feigning outrage over reasonable questions asked by defense counsel Ninowtzka Mier, by feigning outrage over the "Colossus" letter which he knew was a letter that was automatically computer generated sent out on every file, by misrepresenting that the Colossus letter was an attempt to settle the claim, and by otherwise acting in a manner so as to obstruct and/or delay settlement of the claim."

(ECF No. 45 at 12 of 14). In response to Plaintiffs' argument, Allstate states that whether an insurer had a realistic opportunity to settle is relevant to the determination of bad faith, and that the insurer bears the burden of proof on this issue. I agree. *See Powell v. Prudential Property & Cas. Ins. Co.*, 584 So. 2d 12, 14 (Fla. 3d DCA 1991) ([T]he insurer has the burden to show not only that there was no realistic possibility of settlement within policy limits, but also that the insured was without the ability to contribute to whatever settlement figure that the parties could have reached."); *Sowell v. Geico Cas. Ins. Co.*, No. 3:12cv226-MCR/EMT, 2015 WL 3843803, at *2 (N.D. Fla. June 20, 2015) (holding that claim of no realistic

---

[3] By granting summary judgment on these affirmative defenses, however, I am not precluding Defendant from presenting evidence relating to the adequacy of the information provided by Plaintiffs to Allstate, to the extent that evidence tends to disprove the allegations of bad faith under the totality of the circumstances standard.

opportunity to settle was a defense to be proven by insurer); *Snowden ex rel. Estate of Snowden v. Lumbermens Mut. Cas. Co.*, 358 F. Supp. 2d 1125, 1128 (N.D. Fla. 2003) (same).

Plaintiffs cite to three cases in support of their argument that the Eleventh Affirmative Defense fails as a matter of law. I find those cases unavailing. In *Rynd v. Nationwide Mut. Fire Ins. Co.*, No. 8:09-cv-1556-T-27TGW, 2011 WL 4754520, at *5 (M.D. Fla. Oct. 7, 2011), the Court recognized that the insurer could raise its defense that it had no reasonable opportunity to settle. It stated, "the jury was instructed that it could consider the conduct of Crawford and his counsel during settlement negotiations in determining whether Nationwide had a realistic opportunity to settle within policy limits and that the question of whether a realistic settlement opportunity existed was to be decided based on all the circumstances." *Id.* at *4. Thus, *Rynd* supports Defendant's position, not Plaintiffs'. *Royal Indem. Co. v. Liberty Mut. Fire Ins. Co.*, No 07-80172-CIV, 2008 WL 557963, at *1 (S.D. Fla. Feb. 28, 2008) and *Nationwide Property & Cas. Ins. Co. v. King*, 568 So. 2d 990, 990 (Fla. 4th DCA 1990) are inapposite because they stand for the proposition that there is no defense of comparative bad faith. I do not find that Defendant is raising a comparative bad faith defense.

Accordingly, Plaintiffs' motion is denied with respect to Affirmative Defense Eleven.

### C.   Affirmative Defense Fifteen

Finally, Plaintiffs argue that they are entitled to summary judgment as to Defendant's Fifteenth Affirmative Defense because that affirmative defense misstates the applicable standard of law, and thus cannot excuse Allstate's bad faith failure to settle.

Defendant's Fifteenth Affirmative Defense states:

> Allstate cannot be liable for bad faith as a matter of law because it did not act solely in its own best interest in considering settlement, did not at any time wrongfully refuse to settle, at all times attempted to settle all claims against Ms. Soto and otherwise complied with all of its duties under Florida law.

(ECF No. 45 at 13 of 14). Plaintiffs specifically argue that Florida law on bad faith failure to settle is not that the insurer "act[ed] *solely* in its own best interest." Rather, the law is that, "Bad faith on the part of an insurance company is failing to settle a claim when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward [its insured] and with due regard for [her] interests." *See* Fla. Std. Jury Inst. 404.4. I agree. While some cases cited by Allstate have passing references to an insurer acting "solely" in its own interests, *see Maldonado v. First Liberty Ins. Corp.*, 546 F. Supp. 2d 1347, 1353 (S.D. Fla. 2008), *aff'd* 342 Fed. Appx. 485 (11th Cir. 2009), I do not find that those cases intended to create such a high burden on plaintiffs in insurance bad faith actions, given that the vast weight of authority takes a much more balanced "totality of the circumstances" approach to "good faith." *See Boston Old Colony Ins. Co. v. Gutierrez*, 386 So. 2d 783, 785 (Fla. 1980) ("For when the insured has surrendered to the insurer all control over the handling of the claim, including all decisions with regard to litigation and settlement, then the insurer must assume a duty to exercise such control and make such decisions in good faith and with due regard for the interests of the insured."). Moreover, Affirmative Defense Fifteen is not a true affirmative defense. It is in actuality a denial.

Accordingly, Plaintiffs' motion is granted with respect to Affirmative Defense Fifteen.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Partial Summary Judgment [53] is **GRANTED IN PART** and **DENIED IN PART**. Summary judgment in Plaintiffs' favor is **GRANTED** with respect to Defendant's Affirmative Defenses Four through Ten, Twelve, and Fifteen, and **DENIED** with respect to Affirmative Defense Eleven.

7

**DONE and ORDERED** in chambers, at Miami, Florida, this 14th day of September 2015.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*