UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-20654-Civ-COOKE/TORRES

FRANK LOPEZ, as personal
representative of the Estate of
Giraldo Lopez, and MAGALY
NUNEZ-DELGADO, individually
and as assignee of Michelle Soto,

    Plaintiffs,

v.

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER ON DEFENDANT'S MOTION TO EXCLUDE TESTIMONY
OF EXPERT WITNESS ROLANDO DIAZ, M.D.**

    Plaintiffs bring this third-party insurance bad faith action against Defendant Allstate Fire and Casualty Insurance Company ("Allstate") for its allegedly unreasonable failure to settle claims made against Allstate's insured, Michelle Soto, resulting in an excess judgment against its insured. Before me now is Allstate Fire and Casualty Insurance Company's Motion to Exclude Testimony of Expert Witness Rolando Diaz, M.D. and Memorandum of Law in Support Thereof (ECF No. 48), Plaintiff's Response thereto (ECF No. 55), and Allstate's Reply (ECF No. 60). I have reviewed the Motion, response, reply, the record, and the relevant legal authorities. For the reasons that follow, Defendant's Motion is granted in part and denied in part.

### I.   BACKGROUND

    The background facts relating to the allegations raised in Plaintiffs' Amended Complaint are detailed in my Order on Plaintiffs' *Daubert* Motion to Exclude the Testimony of D. James Kadyk. (*See* ECF No. 82). Defendant seeks to exclude Plaintiffs' expert, Rolando Diaz, M.D. ("Dr. Diaz"). Plaintiffs disclosed Dr. Diaz as

1

an expert witness that is not required to provide a report, pursuant to Federal Rule of Civil Procedure 26(a)(2)(C). (ECF No. 48-1). Dr. Diaz is Mrs. Nunez Delgado's treating physician, and Plaintiffs expect to call him to testify about his medical opinions of Mrs. Nunez Delgado's "history of severe depression, anxiety, insomnia, and hypertension, and the increase in her infirmities as a result of her husband's death, including attempts to commit suicide." Plaintiffs also expect to call Dr. Diaz to testify that Mrs. Nunez Delgado should avoid stressful situations and that testifying or attending trial poses serious risk to her health.

Allstate moves to exclude Dr. Diaz's testimony on the basis that the subject matter of his testimony is irrelevant to the issues in this third-party common law bad faith case, and any probative value of such testimony is substantially outweighed by the unfair prejudice to Allstate. Plaintiffs respond that Dr. Diaz's testimony is relevant to the totality of the circumstances surrounding Allstate's failure to settle, and Allstate's Eleventh[1] and Fourteenth[2] Affirmative defenses.

## II. LEGAL STANDARDS

Rule 702 of the Federal Rules of Evidence provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

---

[1] Allstate's Eleventh Affirmative Defense is that its failure to settle should be excused because the "damages to Mrs. Nunez-Delgado were not clear." (ECF No. 45 at 13).

[2] Allstate's Fourteenth Affirmative Defense is that the Lopez family was not actually willing to settle its claims for $65,000. (ECF No. 45 at 11-12).

A district court has the responsibility of acting as a gatekeeper to exclude unreliable expert testimony. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). In order to determine the admissibility of expert testimony, a district court must consider whether:  (1) the expert is qualified to testify competently as to the subject matter he intends to address; (2) the method employed by the expert is sufficiently reliable; and (3) the testimony assists the trier of fact to comprehend the evidence through the application of the witness's expertise. *Quiet Tech. DC-8, Inc. v. Hurel-Dubois U.K. Ltd.*, 326 F.3d 1333, 1340-41 (11th Cir. 2003). The party seeking to introduce expert testimony bears the burden of satisfying these criteria by a preponderance of the evidence. *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999). Finally, Federal Rule of Evidence 403 permits the exclusion of relevant expert testimony if "its probative value is substantially outweighed by a danger of…unfair prejudice…."

### III.   ANALYSIS

Defendant does not challenge Dr. Diaz's qualifications or his methodology. Rather, Defendant contends that Dr. Diaz's opinions are irrelevant, and therefore not helpful to the trier of fact, and are unduly prejudicial.

Plaintiffs have brought a one-count complaint for third-party common law bad faith. In order to prevail on this claim, Plaintiffs must prove that Allstate failed to settle the liability claims against Ms. Soto when it could have and should have, had it acted fairly and honestly towards its insured, Ms. Soto, and with due regard for her interests. Fla. Std. Jury Inst. 404.4. "The insurer must investigate the facts, give fair consideration to a settlement offer that is not unreasonable under the facts, and settle, if possible, where a reasonably prudent person, faced with the prospect of paying the total recovery would do so." *Macola v. Gov't Employees Ins. Co.*, 953 So. 2d 451, 455 (Fla. 2006) (citation omitted).

Defendant argues that Dr. Diaz's opinions are irrelevant because damages Mrs. Nunez Delgado suffered as a result of Ms. Soto's negligence were already determined by the judgment entered in the underlying case. Moreover, Defendant argues that information about Mrs. Nunez Delgado's medical and mental condition that was not provided to Allstate during the handling of the subject claim is not

relevant, and her current condition has no bearing on any issue in this case. Plaintiffs counter that Dr. Diaz's testimony is relevant because he will provide information regarding the extent of Mrs. Nunez Delgado's injuries and Allstate's lack of investigation concerning same, which is evidence that the jury may rely upon in determining whether Allstate's failure to settle constituted bad faith. Furthermore, Plaintiffs argue that Dr. Diaz's testimony is relevant to refuting Allstate's defense that damages to Mrs. Nunez Delgado were "not clear," and that the Lopez family was not actually willing to settle its claims for $65,000.

I agree with Defendant in part. To the extent that Dr. Diaz intends to opine as to Mrs. Nunez Delgado's medical and mental condition after the window for settlement had closed (*i.e.*, after October 24, 2011), those opinions are not helpful to the jury because they are irrelevant to the bad faith claim alleged by Plaintiffs. Moreover, Mrs. Nunez Delgado's present medical and mental condition is wholly irrelevant, even if she does not testify at trial as a result of her medical conditions. Allowing Dr. Diaz to opine on her current medical state would be unfairly prejudicial to Defendant.

Dr. Diaz may, however, opine as to Mrs. Nunez Delgado's medical condition during the settlement window. This testimony is relevant to the totality of the circumstances Allstate faced during the time period in which Plaintiffs allege they were willing to settle their claims against Ms. Soto within policy limits. This testimony is also relevant to Allstate's affirmative defense that Plaintiffs were not actually willing to settle for policy limits on or before October 24, 2011 because Plaintiffs allege that Mrs. Nunez Delgado's critical state was part of Frank Lopez's considerations in determining to end settlement discussions.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Exclude Testimony of Expert Witness Rolando Diaz, M.D. (ECF No. 48) is **GRANTED IN PART** and **DENIED IN PART**. Dr Diaz is precluded from opining as to Mrs. Nunez Delgado's medical and mental state after October 24, 2011. Dr. Diaz may opine as to Mrs. Nunez Delgado's medical and mental state during the window for settlement.

**DONE and ORDERED** in chambers, at Miami, Florida, this 23rd day of September 2015.

*[Signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*